UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTWAN ELVAGO COPLEN, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:23-CV-222-REW |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN OF USP MCCREARY, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Antwan Elvago Coplen has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1 (Petition). In his petition, Coplen complains that the warden is imposing collective punishment by limiting the commissary spending of all prisoners within his unit to $25.00 on hygiene items if a single prisoner violates institutional rules. *See id.* at 5. He contends that this approach violates certain federal regulations and the First Step Act of 2018. *See id*. Coplen requests a court order stopping the practice and $2,000.00 from the warden. *See id.* at 8. The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Coplen asserted this same claim and sought the same relief in a prior habeas corpus petition. *See Coplen v. Warden, U.S.P. McCreary*, No. 6:23-CV-178-REW (E.D. Ky. 2023) [hereinafter *Coplen I*], DE 1 (Petition). On October 6, 2023, the Court dismissed the petition on initial review because Coplen did not pay the required filing fee or seek *pauper* status. *See Coplen I*, DE 4 (Order of Dismissal). The Court also sent Coplen the forms necessary to file a new habeas petition if he chose to reassert his claims. *See id.* The Court received the filing fee two weeks later. *See Coplen I*, DE 7 (Receipt). In its October 24th, 2023 Order, the Court advised Coplen that if he intended to

1

apply the $5.00 to satisfy the filing fee owed for a new petition, he should file a new habeas corpus petition within thirty days and articulate that request in the new action. *See Coplen I*, DE 8 (Order). Coplen does not reference the prior action in his latest petition, and more than thirty days have passed since the Court entered its October 24th Order. Still, the Court's Finance Department has advised that the $5.00 filing fee was not refunded as directed by the October 24th Order. Accordingly, the Court will deem satisfied the obligation to pay a filing fee in this action.

Nonetheless, the Court will deny Coplen's petition because his claims only affect the conditions of his confinement, not the validity of his conviction or the duration of his sentence. Therefore, he may not assert his claims in a habeas corpus proceeding. *See Muhammed v. Close*, 124 S. Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). The Court will deny the petition without prejudice as to Coplen's right to assert his claims in a civil rights proceeding. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (finding that "the district court should have dismissed the petition without prejudice to allow [the petitioner] to raise his potential civil rights claims properly as a § 1983 action" after he erroneously filed a § 2241 petition instead).

For these reasons, the Court **ORDERS** as follows:

1.   The Court **DISMISSES** Antwan Elvago Coplen's petition for a writ of habeas corpus (DE 1) without prejudice;

2.   The Clerk is directed to **STRIKE** this matter from the Court's active docket; and

3.      The Court will enter a judgment contemporaneously with this Order of Dismissal.

This the 4th day of January, 2024.

Signed By:

*Robert E. Wier*

**United States District Judge**